IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES COPPEDGE, | § | |
| | § | |
| Defendant Below- | § | No. 448, 2017 |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | Court Below—Superior Court |
| US BANK NATIONAL | § | of the State of Delaware |
| ASSOCIATION, | § | |
| | § | C.A. No. K11L-02-042 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  November 2, 2017
Decided:  November 29, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### **O R D E R**

This 29th day of November 2017, it appears to the Court that:

(1)    On October 27, 2017, the Court received the appellant's notice of appeal from a Superior Court order docketed on July 21, 2017, granting the appellee's writ of possession in this mortgage foreclosure action.  Under Supreme Court Rule 6(a)(i), a timely notice of appeal should have been filed on or before August 21, 2017.

(2)    The Senior Court Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely.  The appellant filed a response to the notice to show cause on November 2, 2017.  The appellant's response

addresses the underlying merits of the appeal and does not address the untimely notice of appeal.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[2] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] The appellant's untimely filing in this case is not attributable to court personnel. Thus, the appeal must be dismissed for lack of jurisdiction.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2] Del. Supr. Ct. R. 10(a) (2017).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

2